IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTINE DE MIGUEL and BIANCA MONTALVO, Each Individually and on Behalf of All Others Similarly Situated**                                                          **PLAINTIFFS**

vs.                                                     No. 4:20-cv-2966

**D. HOUSTON, INC., ALI DAVARI and HASSAN DAVARI**                                                          **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Christine De Miguel and Bianca Montalvo (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants D. Houston, Inc., Ali Davari and Hassan Davari (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay a proper minimum wage under the FLSA.

## II.	JURISDICTION AND VENUE

3.	The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.	The acts complained of herein were committed and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.	THE PARTIES

5.	Plaintiff Christine De Miguel ("De Miguel") is an individual and resident of Harris County.

6.	Plaintiff Bianca Montalvo ("Montalvo") is an individual and resident of Harris County.

7.	Defendant D. Houston, Inc. ("D. Houston"), is a domestic, for-profit corporation.

8.	D. Houston's registered agent for service is Albert T. Van Huff, at 1225 North Loop West, Suite 640, Houston, Texas 77008.

9.	Separate Defendant Ali Davari ("A. Davari") is an individual and resident of Texas.

10.	Separate Defendant Hassan Davari ("H. Davari") is an individual and resident of Texas.

11.	Defendants do business as Treasures, and also as Treasures Gentleman's Club.

12.	Defendants maintain a website at http://treasureshouston.com/.

## IV.     FACTUAL ALLEGATIONS

13.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    A. Davari is the owner, principal, officer and/or director of D. Houston.

15.    A. Davari manages and controls the day-to-day operations of D. Houston, including but not limited to the decision to not pay Plaintiffs a sufficient minimum wage.

16.    H. Davari is the owner, principal, officer and/or director of D. Houston.

17.    H. Davari manages and controls the day-to-day operations of D. Houston, including but not limited to the decision to not pay Plaintiffs a sufficient minimum wage

18.    Defendants own and operate a combined strip club and restaurant.

19.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

20.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.    De Miguel worked for Defendants as a Waitress from 1997 until March of 2020.

22.    Montalvo worked for Defendants as a Waitress from 2007 or 2008 to March of 2020.

23.    Defendants also employed other Waitresses within the three years preceding the filing of this lawsuit.

24. At all relevant times herein, Defendant directly hired Waitresses to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. At all times material herein, Plaintiffs and other Waitresses have been entitled to the rights, protections, and benefits provided under the FLSA.

26. At all times material herein, Plaintiffs and other Waitresses were classified by Defendants as non-exempt from the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

27. Defendants pay its Waitresses less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

28. Defendants do not inform its employees of the provisions of 29 U.S.C. § 203(m) in satisfaction of their obligation to so disclose.

29. Plaintiffs and other Waitresses were retaliated against if they did not share their tips with managers and busboys. This retaliation generally took the form of reduced hours and a hostile work environment.

30. Managers at Defendants' establishment do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

31. Therefore, Defendants' practice constitutes an unlawful tip pool and they are not eligible to take the tip credit provided by the FLSA.

32. Defendants knew or should have known that they were operating an invalid tip pool.

33. Plaintiffs' and other Waitresses' tips were taxed before they were distributed pursuant to the tip pool arrangement, so Waitresses unfairly paid the taxes of the people who received a portion of Waitresses' tips.

34. During slow periods when Plaintiffs and other Waitresses didn't receive enough tips to meet the minimum wage requirement, Defendants would falsify Waitresses' tip reports to show more tips than Waitresses actually received so that Defendants didn't have to pay Waitresses additional wages to make up the difference.

35. During slow periods, Defendants discouraged Plaintiffs and other Waitresses from clocking in until a customer was seated in their section so that they could avoid falsifying tip reports. Waitresses were required to engage in other work while waiting for a table such as cleaning.

36. Defendants' failure to pay Plaintiffs and other Waitresses for time worked resulted in off-the-clock hours for which they were not compensated.

37. Defendants knew or should have known that Plaintiffs and other Waitresses were working hours off-the-clock for which they were not compensated.

38. At all relevant times herein, Defendants have deprived Plaintiffs and other Waitresses of minimum wages for all hours worked.

39. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for all hours worked;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

42. Plaintiffs propose the following class under the FLSA:

**All Waitresses in the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They had substantially similar job duties, requirements, and pay provisions;

    B.    They were paid less than minimum wage;

    C.    They were subject to Defendants' common practice of requiring them to share their tips with non-tipped employees;

D.  They were subject to Defendants' common practice of falsifying tip records to avoid paying Waitresses minimum wage; and

E.  They were subject to Defendants' common practice of requiring Waitresses to work off the clock.

46. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds fifty (50) persons.

47. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

50. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over

forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

54. Defendants classified Plaintiffs as non-exempt from the requirements of the FLSA.

55. Defendants failed to pay Plaintiffs for all hours worked and failed to pay Plaintiffs a sufficient minimum wage.

56. Defendants knew or should have known that their actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

61.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

62.  Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65.  Defendant classified Plaintiffs and other similarly situated Waitresses as non-exempt from the minimum wage provisions of the FLSA.

66.  Defendants failed to pay Plaintiffs and similarly situated Waitresses for all hours worked and failed to pay Plaintiffs and similarly situated Waitresses a sufficient minimum wage.

67.  Defendant knew or should have known that its actions violated the FLSA.

68.  Defendant's conduct, as described above, has been willful.

69.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated Waitresses for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all

violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

70. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated Waitresses are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christine De Miguel and Bianca Montalvo, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid wages under the FLSA and related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTINE DE MIGUEL and BIANCA MONTALVO, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com